RAYON PAYNE COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Federal)

Rayon Payne, Pro Se
8815 Conroy Windermere Rd.,
Ste.#208
Orlando, Fl 32835
Tel:407.770.5888
Fax:866.455.4348
Email: nsx2@mail.com

Attorneys for Plaintiff



*Court Use only above this line.*

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

RAYON PAYNE,

               Plaintiff,

       vs.

JULIA RUTH BEVERLY, et al,
OZONE MAGAZINE, INC, et al,
JOEL BONDOROWSKY, et al,
ANTHONY RAMIREZ, et al,
JOHN YASAITIS d/b/a,
PROLUCID TECHNOLOGY et al,
TUCOWS, INC, et al,
INTERNET CORPORATION FOR
ASSIGNED AND NUMBER (ICANN), et al,

           Defendant(s).

CASE NO. 6:06CV829-ORL-18 JGG

JUDGE:

**AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff Rayon Payne, hereby sues Julia Ruth Beverly, Ozone Magazine, Inc.,

Joel Bondorowsky, Anthony Ramirez, John Yasaitis d/b/a, PROLUCID TECHNOLOGY,

Tucows, Inc., and INTERNET CORPORATION FOR ASSIGNED AND NUMBER

(ICANN). (Collectively "Defendants"), and alleges:

## PRELIMINARY STATEMENT

Plaintiff, Rayon Payne, Pro Se, brings this action on the behalf of himself. He

respectfully comes before this Honorable Court in the instant cause as a Pro Se

litigant, Plaintiff relied on Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), where

- 1 -

RAYON PAYNE COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Federal)

the Court stated that;

> "A Pro Se litigant's pleading are to be construed liberally and to a less stringent standard than formal pleadings drafted by lawyers…If a Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so despite the Plaintiff's failure to site proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements" (Citation Omitted)." See also <u>Riley v. Greene</u>, 149 F. Supp. 2d 1256 (D. Colo. 2001)

## INTRODUCTION AND BACKGROUND FACTS

1.  This action has been filed by Rayon Payne, Plaintiff, (1) Injunctive Relief (2) Trademark Infringement (3) Conversion (Rico) (4) Fraud (5) Libel *Per Se* (6) Intentional Infliction of Emotional Distress (7) Negligent Infliction of Emotional Distress (8) Injury to Business Reputation and Dilution of Mark and (9) Tortious Interference with business Relationship. The Defendants' are all in concert in the willful acts against the Plaintiff at some stage or another directly or indirectly.

2.  Plaintiff seeks a Permanent Injunction, damages, cost and fees as authorized by the Lanham Act.

3.  The Plaintiff was in possession of the domains at the time when the contact information was fraudulently changed by Mr. Bondorowsky to reflect Ms. Beverly (a.k.a. JB) as the new owner of the domains.  These changes took place between September and October 2002.  See Exhibit "1."

4.  None of the domains had expired at the time when the contact information was fraudulently changed.  The Plaintiff had not defaulted on any of the domains.

5.  The Plaintiff did not authorize anyone to make any changes to his domains at any time.

6.  On May 14th 2002, Plaintiff purchased {Ozonemagazine.com, ozonemagazine.net, ozonemagazine.org, ozonemag.net, and ozonemag.org.}. See Exhibit "2."

RAYON PAYNE COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Federal)

7.  On May 20th 2002, Plaintiff registered fictious name of Ozone Magazine with the state of Florida division of corporation. Shortly there after obtained federal tax ID #33-1004607 Ozone Magazine, Inc. from the IRS. See Exhibit "5."

8.  On June 6th 2002, Defendant Ms. Beverly registered Ozone Magazine, Inc. with the state of Florida. Ms. Beverly subsequently went to the IRS to change the contact information to reflect her as owner of the federal tax ID number which was issued to the plaintiff. The above statements are to show the Defendant Ms. Beverly's motive and knowledge to take control of the plaintiff's property.

9.  On August 28th 2002, Mr. Payne was sentenced to prison in two state cases; one being CR-99.7826 and the other CR-01.6009, receiving ten years in both cases. Mr. Payne's state cases are important because they show that he could not have made these changes to his domains.  (Both of Mr. Payne's state convictions were overturned by order of the respected Court.) See also, Payne v. State, 890 So. 2d 284 (Fla. 5th DCA 2004).

10. In November 2002, Ms. Beverly wrote an article in Ozone Magazine (a national publication) in which she made libelous statements about Mr. Payne (see Exhibit #3: "Dumbass of the Month").   Ms. Beverly's defamatory statements are based on her "personal experience".  In this article, the "personal experience" that Ms. Beverly refers to is CASE #48-2001-DR-017081-O, where she brought a complaint against Mr. Payne for repeat violence.  Ms. Beverly's complaint was dismissed by the Court after a brief hearing and, as such, her statements have no merit.  It is also important to note that in this article Ms. Beverly is under the impression that Mr. Payne was going to be deported.  This establishes her motive further for making the changes to the domains' contact information.  See Exhibit "1."

11. Ms. Beverly later sold the 95live.com domain to an Anthony Ramirez for an undisclosed amount of funds.  Ms. Beverly kept all of the remaining domains.

RAYON PAYNE COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Federal)

12. Defendant, Ozone Magazine, Inc, through its officer's fraudulently acquired the Plaintiff's property Ozonemagazine.com and has used the Plaintiff's property for Defendant's own corporate use. See Exhibit "1."

13. Defendant, Tucows, Inc., ICANN, and John Yasaitis d/b/a, PROLUCID TECHNOLOGY are directly and/or indirectly aiding in the above outlined willful acts. Prior to filing suit, Plaintiff, have written and spoke with all defendants numerous times concerning the above matter. Defendants have ignored all lawful demands and efforts to resolve this matter short of litigation.

## **THE PARTIES**
### Plaintiff
14. Plaintiff, Rayon Payne, is a citizen of the State of Florida.

### Defendant(s)

15. Defendant, Julia Ruth Beverly, is an individual residing within this judicial district, and a citizen of the State of Florida.

16. Defendant, Ozone Magazine, Inc. is a company incorporated in the state of Florida, with its offices in Orange County, Florida.

17. Defendant, Joel Bondorowsky, is an individual residing within this judicial district, and a citizen of the State of Florida.

18. Defendant, Anthony Ramirez is a citizen of the State of California.

19. Defendant, John Yasaitis d/b/a, PROLUCID TECHNOLOGY et al, is an individual doing business in Waltham, MA, and is currently hosting the domain.

20. Defendant, Tucows, Inc. is a corporation organized and existing under the laws of the country of Canada, but conducts its business within the United States, via the internet.

21. Defendant, INTERNET CORPORATION FOR ASSIGNED AND NUMBER (ICANN). Is a corporation organized and existing under the laws of the State of California, with its principal place of business in Marina del Rey, California.

- 4 -

RAYON PAYNE COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Federal)

## JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§§ 1331, 1338, 1338(a), and 17 U.S.C. § 1203 as the Plaintiff's cause of action arises under The Federal Trademark Act ("The Lanham Act of 1946"), 15 U.S.C. § 1051 et. Seq. Further, this Court has jurisdiction over the Plaintiff's Florida common law claims.

23. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the Plaintiff's State law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

24. There is complete diversity of citizenship between the Plaintiff and Defendants. Therefore, this Court has matter jurisdiction of this case under the provisions of 28 U.S.C. § 1332(a).

25. Venue is proper within the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b) and 1400 because the Plaintiff reside in the Middle District of Florida, and a substantial part of the events or omissions giving rise to the claims occurred in this judicial, and there is no District in which the action may otherwise be brought..

## COUNT I- TRADEMARK INFRINGEMENT

26. Plaintiff, incorporates by reference paragraphs 1 through 21, and brings the following claim for trademark infringement, pursuant to 15 U.S.C. § 1114, against the Defendants.

27. Plaintiff owns the exclusive trademark right to those trademarks listed on Exhibit "4." All of the trademark registrations are in full force and effect are owned by Plaintiff. In many cases the trademarks have become incontestable pursuant to 15 U.S.C. § 1065.

28. All use of the 95LIVE name has been with the provisions of the United States Trademark Law.

29. Notwithstanding Plaintiff's well known and prior common law and statutory rights in the trademarks listed on Exhibit "4," the Defendants has, with actual and constructive notice of the Plaintiff's Federal registration rights and long after the Plaintiff established its rights in the trademarks listed on Exhibit "4," adopted and used the trademarks in conjunction with

- 5 -

the use of the name in the State of Florida and interstate commerce.

30. Defendants has use the name 95LIVE's trademark noted on Exhibit "4" without the authorization of Plaintiff. Defendants' use the trademark in Florida, and interstate commerce, has and will cause the likelihood of confusion, deception and mistake, in that the public will conclude that use by Defendants are authorized, sponsored, approved or associated with the Plaintiff.

31. The said acts of infringement will cause irreparable injury to Plaintiff, if the Defendants is not restrained by the Court from further violation of Plaintiff's right as owner of 95LIVE has no adequate remedy at law.

32. Plaintiff has suffered damages as a result as a result of the aforesaid acts.

33. Defendants' use of Plaintiff's trademark is an infringement of Plaintiff's registered trademarks "95LIVE" is in violation of 15 U.S.C. § 1114(1).

34. The Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively with the intent to injure Plaintiff and his business interest.

### **ROLE OF DEFENDANTS'**

(a) Defendant, Anthony Ramirez, has been using a domain which was illegally obtained from the Plaintiff. And is currently infringing on the Plaintiff's trademarks.

(b) Defendant, John Yasaitis, is aiding in the infringement of the Plaintiff's trademarks by hosting the 95LIVE.COM.

(c) Defendant, Tucows, Inc. is the registrar in control of Plaintiff's domain; notice was given that 95LIVE.COM was fraudulently obtained from the Plaintiff. And as the registrar of the domain Tucows, Inc., is aiding Mr. Ramirez in infringement on the Plaintiff's trademarks as well as maintaining stolen property. Plaintiff has given written and verbal notice to Sandy Cooper at Tucows Inc., of such infringement as well as the issue of fraud, but Plaintiff's notice was ignored.

RAYON PAYNE COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Federal)

(d)    Defendant, INTERNET CORPORATION FOR ASSIGNED AND NUMBER (ICANN), is the organization which polices the internet and as such has the authority to return Plaintiff's domain and stop any Trademark Infringement. ICANN is indirectly aiding Mr. Ramirez and allowing him to maintain property which was predicated from theft/ illegally procured from the Plaintiff.

## COUNT II- LANHAM ACT-UNFAIR COMPETITION
### AS TO ALL DEFENDANTS'

35. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 21 and 26 through 34.

36. As a direct result of Plaintiff's longstanding use, advertising, marketing, media broadcasting, 95LIVE's trademark have acquired a secondary and distinctive meaning among the public who have come to identify 95LIVE's trademark listed on Exhibit "4," with 95LIVE and its products.

37. The Defendants exactly duplicates and appropriates 95LIVE trademarks in order to delude and confuse the public into believing that the use had been authorized and/ or sponsored by Plaintiff.

38. The use by Defendants bearing the 95LIVE trademarks will damage the good will and reputation of 95LIVE.

39. The Defendants' by misappropriating and using the likenesses of the Plaintiff's trademarks in connection with the internet, are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of their products. The Defendants' has caused such use into the interstate commerce willfully, with fully knowledge of the falsity of the designation of their origin and description and representation in an effort to mislead the public into believing that their products are authorized or emanate from Plaintiff.

40. These acts constitute a violation of Section 43 of The Lanham Act, 15 U.S.C § 1125.

RAYON PAYNE COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Federal)

41. The Defendants has procured gains, profited and advantages as a result of their unlawful acts.

42. Plaintiff has suffered monetary damages as a result of the Defendants acts.

**COUNT III- CONVERSION**
**AS TO DEFENDANT(S)**
**JULIA RUTH BEVERLY, et al,**
**JOEL BONDOROWSKY, et al**

43. The Defendant herein converted property without the consent of the Plaintiff. At all times the domain 95LIVE.COM was in the control of the Plaintiff. Defendants accessed the email account of the Plaintiff and changed the contact information to reflect them as owner of the Plaintiff's property see Exhibit "1,"

44. The action of the Defendants' was willful and in violation of Florida Statute Chapter 815 COMPUTER-RELATED CRIMES.

45. Plaintiff has suffered monetary damages as a result of the Defendants actions.

**COUNT IV- CONVERSION**
**AS TO DEFENDANTS'**
**OZONE MAGAZINE, INC et al**
**JULIA RUTH BEVERLY, et al,**
**JOEL BONDOROWSKY, et al**

46. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 43 through 45.

47. The Defendant herein converted the property without the consent of the Plaintiff. At all times the domain OZONEMAGAZINE.COM was in the control of the Plaintiff. Defendant access the email account of the Plaintiff and changed the contact information to reflect them as owner of the Plaintiff's property see Exhibit "1, 2,"

48. Defendant has been using the property belonging to Plaintiff illegally and has profited in doing so.

49. The action of the Defendants' was willful and in violation of Florida Statute Chapter 815 COMPUTER-RELATED CRIMES.

RAYON PAYNE COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Federal)

50. Plaintiff has suffered monetary damages as a result of the Defendants acts.


## COUNT V- FRAUD
### AS TO DEFENDANT(S)
### JULIA RUTH BEVERLY, et al,
### JOEL BONDOROWSKY, et al

51. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 21, 26 through 34, and 43 through 49.

52. Defendants' fraudulently took control of the Plaintiff's property by way of accessing his email. Defendant knew that the Plaintiff was sentenced by this Court as well his two state sentences. In addition, Defendant fraudulently authorized the movement of the domain pretending to be Plaintiff see Exhibit "1,"

53. Defendants later sold the Plaintiff's property and made an attempt to conceal their acts in concert, to hinder the Plaintiff from procuring his domain back.

54. As a result of Defendants' fraudulent misrepresentation, Plaintiff has suffered monetary damages as a result of the Defendants acts.

## COUNT VI- VIOLATION OF RICO
### 18 U.S.C. § 1964 et seq
### AS TO ALL DEFENDANTS'

55. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 21, 26 through 34, and 43 through 54.

56. This Count arises under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964 et seq.

57. All Defendant are in concert within the meaning of 18 U.S.C. § 1961(4), which is engaged in, or the activities of which affect interstate or foreign commerce. The fraudulent misrepresentations detailed above were made by Defendants' and the ongoing acts to conceal the identity of the persons in control of the domains.

58. The fraudulent misrepresents set above represented a scheme and artifice to defraud

Plaintiff, which was facilitated Fraud by wire, radio, or television § 1343 and Computer fraud 18 USC § 1030.

59. Fraud by Wire constitutes racketeering activity as that term is defined in 18 U.S.C. § 1343 (2005).

60. Fraud and related activity in connection with computers constitutes racketeering activity as that term is defined in 18 USC §1030.

61. Fraud and related activity in connection with computers constitutes racketeering activity as that term is defined in 18 USC §1030.

62. Also Plaintiff have been injured in his business in the taking of his property constitutes racketeering activity as defined in 18 U.S.C. § 1964(c).

63. Defendants' all agreed to join the conspiracy, agreed to commit predicate acts, and knew that those acts were part of a pattern of racketeering activity.

64. Defendants' multiple fraudulent misrepresentations as detailed above constitute a pattern of racketeering activity with the meaning of 18 U.S.C. § 1961(5).

65. Defendants' and agents, associates, and representatives, have conducted, and have conspired to conduct, the ongoing scheme through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c), (d).

66. As a direct and proximate result of these violation of 18 U.S.C. § 1962(c), (d), Plaintiff has suffered actual damages as a result of injury to his business and property of at least $1,000,000.00.

67. Defendants' are liable to Plaintiff for treble damages, together with all costs of this action plus reasonable attorney's fees, all as provided under 18 U.S.C. § 1964(c).

## ROLE OF DEFENDANTS' IN CONSPIRACY

(e) Defendant, Joel Bondorowsky accessed the plaintiff email account and changed the contact information of Plaintiff's property, and sold the Plaintiff's property to Ms. Beverly.

RAYON PAYNE COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Federal)

(f) Defendant, Julia Ruth Beverly, knowingly purchased stolen property, which she knew belong to Plaintiff. Ms. Beverly subsequently sold that property to an Anthony Ramirez is in possession of the property which was fraudulently obtain from the Plaintiff. Mr. Ramirez was fully made aware by the Plaintiff of the above act, but has been unwilling to return the property to Plaintiff.

(g) Defendant, John Yasaitis d/b/a, PROLUCID TECHNOLOGY was also given notice prior to the hosting of Plaintiff's domain (95live.com).

(h) Defendant, Tucows, Inc. has been numerous times of the theft of Plaintiff which was carried out by Mr. Bondorowsky who at the time was a reseller of Tucows that alone holds Tucows personally liable. All requests by Plaintiff have been ignored.

(i) Defendant Ozone Magazine, Inc, through its officer's fraudulently acquired the Plaintiff's property Ozonemagazine.com and has use the Plaintiff's property for Defendant own corporate use.

(j) Defendant, INTERNET CORPORATION FOR ASSIGNED AND NUMBER (ICANN) is the organization that police's the internet and as such indirectly involved within this conspiracy of Plaintiff's properties.

### COUNT VII- INJURY TO BUSINESS REPUTION AND DILUTION OF MARK
AS TO DEFENDANTS'
JULIA RUTH BEVERLY, et al,
JOEL BONDOROWSKY, et al,
ANTHONY RAMIREZ, et al,
JOHN YASAITIS d/b/a,
PROLUCID TECHNOLOGY et al,
TUCOWS, INC, et al,

68. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 21, 26 through 34, 43 through 54, and 55 through 67.

69. 95Live was the largest name internet and underground radio in the World. It is in the business of streaming media to World Wide Web.

70. Defendants' stole the Plaintiff's property which was well known, 95live.com.

71. Defendant's use of the name and the site is misleading to give the impression that the brand which the Plaintiff built was given by the Plaintiff and in doing so reduced the quality of the Plaintiff's brand. Exhibit "6."

72. Defendant altered 95live logo and in doing so harmed 95live's goodwill and business reputation because the content which is provided on that site is not of the Plaintiff's.

73. In addition, 95live listeners have be diverted to other sites. Thereby causing additional harm to Plaintiff business reputation and goodwill as result of Defendants' misconduct.

74. Defendants' continued use of altered logo and use of the Plaintiff's trademark name is likely to injure the Plaintiff's mark and future business reputation and dilute the distinctive quality of the marks, trade names, or libels in violation of § 495.151, Fla. Stat.

75. Plaintiff requests a preliminary and permanent injunctive relief against the Defendants' pursuant to § 495.151, Fla. Stat.

<u>COUNT VIII-TORTIOUS INTERFERENCE WITH BUSINESS
RELATIONSHIP AND PROSPECTIVE ADVANTAGE
AS TO DEFENDANTS'
JULIA RUTH BEVERLY, et al,
OZONE MAGAZINE, INC, et al,
JOEL BONDOROWSKY, et al,
ANTHONY RAMIREZ, et al,
JOHN YASAITIS d/b/a,
PROLUCID TECHNOLOGY et al,
TUCOWS, INC, et al,</u>

76. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 21, 26 through 34, 43 through 54, and 55 through 75.

77. A business relationship and an expectancy of business relationships exist between 95live.com and prospective advertiser.

78. There exists a high probability of future economic benefit to Plaintiff as a result of these present and prospective relationships.

79. Defendants' have knowledge of and have intentionally and unjustifiably interfered with the relationship and with prospective relationships between 95live and its advertiser.

RAYON PAYNE COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Federal)

Specifically, but without limitation, Defendants knew that 95live.com built its business by the use of streaming to its listener's over the internet. Defendants' are intentionally interfering with these relationships through improper means and violation of the law.

80. But had not for the conduct of Defendants', Plaintiff was reasonably certain to have continued its business relationship and prospective relations with its advertiser.

81. Plaintiff has been damaged and continues to be damaged as a result of Defendants' interference.

### COUNT IX-TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP AND PROSPECTIVE ADVANTAGE
#### AS TO DEFENDANTS'
#### JULIA RUTH BEVERLY, et al,
#### OZONE MAGAZINE, INC, et al,

82. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 21, 26 through 34, 43 through 54, and 55 through 81.

83. A business relationship and an expectancy of business relationships exist between Ozonemagazine.com and prospective advertiser and future development to be an online publication.

84. There exists a high probability of future economic benefit to Plaintiff as a result of these present and prospective relationships.

85. Defendants' have knowledge of and have intentionally and unjustifiably interfered with the relationship and with prospective relationships between Ozonemagazine.com and its advertiser. Specifically, but without limitation, Defendants knew that Ozonemagazine.com intended to build its business by the use of internet as a mean to be an online publication, which is why they intentionally took control of the Plaintiff's property for their own use. Defendants' are intentionally interfering with these relationships through improper means and violation of the law.

86. But had not for the conduct of Defendants', Plaintiff was reasonably certain to have continued its business relationship and prospective relations with its advertiser and future

developments.

87. Plaintiff has been damaged and continues to be damaged as a result of Defendants' interference.

### COUNT X-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### JULIA RUTH BEVERLY, et al,
### OZONE MAGAZINE, INC, et al,
### JOEL BONDOROWSKY, et al,
### ANTHONY RAMIREZ, et al,

88. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 21, 26 through 34, 43 through 54, and 55 through 87.

89. This count arises out of fraudulently obtaining, the movement of the Plaintiff's property, and the willful intent of the Defendants' to inflict emotional distress.

90. (1) The Defendant intended to inflict emotional distress or should have known that emotional distress was the likely result of their conduct; when they took the Plaintiff's property (2) the conduct was extreme and outrageous; Defendant fraudulently took Plaintiff's property, sold such property, and has been unwilling to return the property. (3) The Defendant's conduct was the cause of the Plaintiff's distress; and (4) plaintiff's emotional distress was severe due to the taking of his property.

91. There is liability for intentional infliction of emotional distress and for conduct that exceeds the bounds tolerated by decent society.

### COUNT XI-NEGLIGENTLY INFLICTION OF EMOTIONAL DISTRESS
### AS TO ALL DEFENDANTS'

92. Plaintiff incorporates and re-alleges the allegations of paragraphs 1 through 85 above.

93. This count arises out of the taking of the Plaintiff's property and the willful intent of the Defendants'.

94. (1) The Defendant intended to inflict emotional distress or should have known that emotional distress was the likely result of his conduct; when they took the Plaintiff's property (2) the conduct was extreme and outrageous; Defendant fraudulently took

RAYON PAYNE COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Federal)

Plaintiff's property, sold such property, and has been unwilling to return the property. (3) The Defendant's conduct was the cause of the Plaintiff's distress and (4) plaintiff's emotional distress was severe due to the taking of his property.

95. There is liability for intentional infliction of emotional distress and for conduct that exceeds the bounds tolerated by decent society

### PRAYER FOR RELIEF

WHEREFORE Plaintiff hereby incorporates in whole the allegations set forth in his Complaint filed in the Circuit Court for Orange County, Florida, under Case No. 06-CA-3822. Plaintiff respectfully request that this Court enter final judgment in favor of the Plaintiff and against Defendants' for the Damages it sustained, treble the amount of actual in accordance with applicable law, an accounting of all profits received by each Defendant in connection with its conduct, injunctive relief, and for its attorneys' fees and costs, and order any further relief as this Court deems just and proper.

**Respectfully submitted,**

DATED: June 19th, 2006

_____

Rayon Payne, Pro Se
8815 Conroy Windermere Rd.,
Ste.#208
Orlando, Fl 32835

# Exhibit "1"

Subj:     **Let me set somthing straight about 95live.com and "NSX"**
Date:     10/14/2005 1:32:52 A.M. Eastern Daylight Time
From:     joel@bondorowsky.com
To:       info@95live.com, jb@ozonemag.com, chaosnmaestro@aol.com

Hello,

Junior Payne, or NSX as he likes to be called, is a violent criminal
that nobody really needs to worry about.  He tries to be some sort of
con artist but manages to fail and end up in jail several times.
Intact, he let the 95live.com go for so long because he was in jail for
credit card fraud as well as violent rape.  I learned a lot about him
from friends of mine who dealt with him in the Orlando Police
Department.  His legal problems are still not over.

I found Junior to be an intelligent guy who was pretty out of touch with
reality.  He is not going to cause anyone any harm over his domain, and
he will not successfully sew anyone for it.  The only person that he
could maybe go after for it is me, but I really don't think he has the
resources for that.

I subletted a room for him in my office for a few months.  Every check
he wrote me bounced and he owed me quite a bit.  Fortunately for me, I
held his equipment which ended up being worth much more than the money
he owed.  He ended up going to jail and I took control of his domains to
help pay back the debts he owed me.  Besides, the domain would have
expired anyway if I had not sold it to JB so he would have lost it even
if I hadn't gone into his email account and taken control of it.

I suggest that you simply disregard any threats or anything you hear
from him as being nonsense.  Just ignore him.  If he could have sued
anyone, it would have been me. You bought the domain legally, you have
nothing to worry about.


Joel


Esta mensagem foi verificada pelo sistema de anti-virus e
acredita-se estar livre de perigo.


EXHIBIT #1

Saturday, October 15, 2005 America Online: Chaos N Maestro

# Exhibit "2"

# GoDaddy.com
PRINT

Receipt#: 2734481

DATE: 5/14/2002 4:06:00 PM

Customer #: 877885

**Billing Information**

Rayon Payne
95LIVE, INC
1712 GOLDEN POPPY CT
Orlando, FL 32824
US
Daytime Phone: (407) 999-9595
Evening Phone: (407) 999-9595
(407) 999-9595
Email: nsx2@mail.com

**Name:** Rayon Payne
**Paid:** Visa - Exp. 3/2004
**CC Number:** ###########3782

| Label | Name | Attributes | Unit Price | Today's Price | Qty | Extra Disc. | Total Price |
|-------|------|-----------|-----------|--------------|-----|-------------|-------------|
| 101-1 | Domain Name Registration For 1 Year<br>Domain: OZONEMAG.NET | | $8.95 | $8.95 | 1 | $.00 | $8.95 |
| 101-1 | Domain Name Registration For 1 Year<br>Domain: OZONEMAG.ORG | | $8.95 | $8.95 | 1 | $.00 | $8.95 |
| 101-1 | Domain Name Registration For 1 Year<br>Domain: OZONEMAGAZINE.COM | | $8.95 | $8.95 | 1 | $.00 | $8.95 |
| 101-1 | Domain Name Registration For 1 Year<br>Domain: OZONEMAGAZINE.NET | | $8.95 | $8.95 | 1 | $.00 | $8.95 |
| 101-1 | Domain Name Registration For 1 Year<br>Domain: OZONEMAGAZINE.ORG | | $8.95 | $8.95 | 1 | $.00 | $8.95 |

| | |
|---|---|
| Subtotal: | $44.75 |
| Shipping & Handling: | $.00 |
| Tax: | $.00 |
| Total (US Dollars): | $44.75 |

# Exhibit "3"

Case 6:06-cv-00829-PCF-JGG     Document 2     Filed 06/19/06     Page 21 of 28 PageID 44

**Got feedback? Send email to JB@OZONEMAG.com  or mail: 1516 E. Colonial Dr. Suite 205, Orlando, FL 32803**



# DUMBASS OF THE MONTH

"Karma" is defined as "the total effect of a person's actions and conduct during the successive phases of the person's existence, regarded as determining the person's destiny."

When I first heard that NSX had finally been sentenced to 10 years in prison for rape, amidst my tears of joy and wild laughter (I'm only half joking), I envisioned the article. I had big plans for it. I'd research everything; I'd gather facts; I'd do interviews. Hell, I'd even throw in some fun facts I'd been saving. But, then I started to wonder – why waste my time? A few weeks later I saw a column in the Orlando Weekly titled "NSX Gets 10 Years for Rape," where William Dean Hinton writes:

*Rayon "Junior" Payne, the brash, loudmouthed pirate-radio DJ better known as NSX, was convicted Aug. 27 of raping a 23-year-old tourist in the VIP bathroom of The Club last year. Payne, who did not testify in his defense, was sentenced to 10 years in prison. Because of Florida's mandatory sentencing laws, he will not be eligible for parole until the year 2010. The 27-year-old Payne, working the DJ booth at The Club in May 2001, offered shots to the first group of women to visit the booth. After distributing shots, Payne began dancing with the Swedish woman. The two disappeared until the woman's friends found Payne, who told them she was throwing up in the bathroom. Apparently a club drug was slipped into the woman's drink. She testified she could remember nothing except coming to with her face down in a sink. When she realized somebody was having sex with her, she remembered turning around to see Payne's face.*

So, there you have the facts, in print. That's my excuse for being lazy and not doing any official research – the Weekly already did it for me. Plus, my coverage of the case wouldn't exactly have been objective. I don't need to hear any more facts to tell you what I knew years ago from personal experience – Junior Payne is fucked in the head, and will take advantage of anyone who's incapable of defending themselves. He contributed nothing positive to this community and won't be missed. The Swedish woman should be showered with gifts for testifying, because she prevented a lot of other women from going through the same shit.

We all know that the system isn't perfect, but at least in this case, justice was served. Karma is a bitch, ain't it? Ten years is plenty of time for NSX to be served with a little bit of his own medicine. – *JB*

P.S. - I haven't been able to verify this as of press time, but if the rumors are correct, as he's released he's getting deported to Guyana.

P.P.S. – NSX, I'm still waiting on that lawsuit from my last article, you little fuck.

# Exhibit "4"



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Sat Jun 10 04:25:18 EDT 2006*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| Word Mark | **95LIVE** |
|---|---|
| **Goods and Services** | IC 014. US 002 027 028 050. G & S: Beads for use in the manufacture of jewelry; Belt buckles of precious metal; Bracelets; Costume jewelry; Identification bracelets; Jewelry; Jewelry boxes of precious metal; Jewelry cases of precious metal; Jewelry caskets of precious metal; Jewelry chains; Jewelry findings; Jewelry for the head; Jewelry pins for use on hats; Jewelry watches; Jewelry, namely, amulets; Jewelry, namely, crosses; Lapel pins; Pins being jewelry; Rings being jewelry |

IC 025. US 022 039. G & S: Belts; Bibs not of cloth or paper; Caps; Children's and infants' cloth bibs; Children's cloth eating bibs; Cloth bibs; Cloth bibs for adult diners; Cloth bibs for use by senior citizens or physically- or mentally-challenged persons; Cloth diapers; Clothing for wear in judo practices; Clothing for wear in wrestling games; Clothing, namely, folk costumes; Clothing, namely, wrap-arounds; Corsets; Dusters; Foulards; Hoods; Infant and toddler one piece clothing; Infant cloth diapers; Jerseys; Leather belts; Mantles; Mufflers; Parts of clothing, namely, gussets for tights, gussets for stockings, gussets for bathing suits, gussets for underwear, gussets for leotards and gussets for footlets; Perspiration absorbent underwear clothing; Shifts; Short sets; Shoulder pads for clothing; Shoulder wraps; Swaddling clothes; Ties; Tops; Underarm clothing shields; Wraps

IC 038. US 100 101 104. G & S: Broadcasting services and provision of telecommunication access to films and tv programmes provided via a video-on-demand service; Communications via multinational telecommunication networks; Data transmission and reception services via telecommunication means; Electronic exchange of data stored in databases accessible via telecommunication networks; High bit-rate data transmission services for telecommunication network operators; Internet cafe services, namely, providing telecommunications connections to the internet in a cafe environment; Providing access to telecommunication networks; Providing electronic telecommunication connections; Providing telecommunications connections to a global computer network; Providing third party users with access to telecommunication infrastructure; Rental of equipment for telecommunications; Rental of telecommunication equipment; Rental of telecommunication equipment including telephones and facsimile apparatus; Rental of telecommunications lines; Signal transmission for electronic commerce via telecommunication systems and data communication systems; Telecommunication access services;

Telecommunication services in the field of providing long distance service with audio advertising for others as a component of the long distance service; Telecommunication services, namely, call hunting; Telecommunication services, namely, local and long distance transmission of voice, data, graphics by means of telephone, telegraphic, cable, and satellite transmissions; Telecommunications by e-mail; Telecommunications consultation; Telecommunications gateway services; Telecommunications reseller services, namely, providing long distance telecommunication services; Telecommunications routing and junction services; Telecommunications services, namely intercepting and preventing unsolicited calls from telemarketers; Telecommunications services, namely providing fiber optic network services; Telecommunications services, namely, ISDN services; Telecommunications services, namely, personal communication services; Telecommunications services, namely, routing calls to local third-party taxi-cab dispatchers in the vicinity of the caller. Telephone telecommunications services provided via prepaid telephone calling cards; Transfer of data by telecommunication; Transfer of data by telecommunications; Transmission and reception of database information via the telecommunication network; Transmission of database information via telecommunications networks; Transmission of information on optical telecommunication networks; Transmission of stock market information with the help of telecommunication media

| | |
|---|---|
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 26.01.21 - Circles that are totally or partially shaded.<br>26.03.02 - Ovals, plain single line; Plain single line ovals<br>26.03.17 - Concentric ovals; Concentric ovals and ovals within ovals; Ovals within ovals; Ovals, concentric<br>26.17.01 - Bands, straight; Bars, straight; Lines, straight; Straight line(s), band(s) or bar(s)<br>26.17.05 - Bands, horizontal; Bars, horizontal; Horizontal line(s), band(s) or bar(s); Lines, horizontal |
| **Serial Number** | 78733974 |
| **Filing Date** | October 15, 2005 |
| **Current Filing Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | July 4, 2006 |
| **Owner** | (APPLICANT) 95Live CORPORATION FLORIDA 8341 Fort Clinch Ave Orlando FLORIDA 32822 |
| **Description of Mark** | The color(s) black, orange & white is/are claimed as a feature of the mark. The color black appears in the rings design, the outline of the word LIVE, and the antenna design; the color orange appears in the interior of the number 95, the interior of the word LIVE, the outline of the rings, and the circle at the end of the antenna; and the color white appears between the rings and the outline of the number 95. |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY |

# Exhibit "5"

## FTD ADDRESS CHANGE

*An address change here changes your
address on the FTD coupons only.*

New
Address _____

_____

City _____

State _____ Zip _____

Telephone Number _____(    )_____

Employer Identification Number (EIN)                    OMB No. 1545-0257

33-1004607   140612   3   2

OZONE MAGAZINE INC                                      28
1712 GOLDEN POPPY CT
ORLANDO FL  32824-6442


INTERNAL REVENUE SERVICE CENTER
PHILADELPHIA, PA  19255

Send FTD Address Change and correspondence to the IRS address above.

# Exhibit "6"

FAKE 95LIVE MARK

