RAYON PAYNE COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Federal)

Rayon Payne, Pro Se
8815 Conroy Windermere Rd.,
Ste.#208
Orlando, Fl 32835
Tel:407.999.9993
Fax:866.455.4348
Email: nsx2@mail.com

**Attorneys for Plaintiff**

06-CV-829-ORL-19JGG

FILED

*Court Use only above this line.*

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

RAYON PAYNE, a/k/a NSX,
a/k/a JUNIOR PAYNE,
          Plaintiff,

vs.

JULIA RUTH BEVERLY, aka JB, et al,
OZONE MAGAZINE, INC, et al,
JOEL BONDOROWSKY, et al,
ANTHONY RAMIREZ aka
Anthony "Sly" Ramirez, aka
Anthony Murphy , et al,
JOHN YASAITIS d/b/a -
PROLUCID TECHNOLOGY et al,
NICHOLAS MALONEY d/b/a -
PROLUCID TECHNOLOGY et al,
TUCOWS, INC, et al,
          Defendant(s).

CASE NO. 6:06.CV. 908-ORL-31-JGG
JUDGE: PATRICIA C. FAWSETT
**AMENDED
COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF**

      Plaintiff Rayon Payne hereby sues Julia Ruth Beverly, Ozone Magazine, Inc.,

Joel Bondorowsky, Anthony Ramirez, aka Anthony "Sly" Ramirez, aka Anthony

Murphy, John Yasaitis d/b/a, PROLUCID TECHNOLOGY,  Nicholas Maloney d/b/a,

PROLUCID TECHNOLOGY, and Tucows, Inc. (Collectively "Defendants"), and

alleges:

## PRELIMINARY STATEMENT

Plaintiff, Rayon Payne, Pro Se, brings this action on the behalf of himself. He

- 1 -

RAYON PAYNE COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Federal)

respectfully comes before this Honorable Court in the instant cause as a Pro Se litigant, Plaintiff relied on <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991), where the Court stated that;

> "A Pro Se litigant's pleading are to be construed liberally and to a less stringent standard than formal pleadings drafted by lawyers...If a Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so despite the Plaintiff's failure to site proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements" (Citation Omitted)." See also <u>Riley v. Greene</u>, 149 F. Supp. 2d 1256 (D. Colo. 2001)

## INTRODUCTION AND BACKGROUND FACTS

1. This action has been filed by Rayon Payne, Plaintiff, for (1) Injunctive Relief, (2) Trademark Infringement (95live & Ozone Magazine), (3) Conversion (Rico), (4) Fraud, (5) Libel *Per Se,* (6) Intentional Infliction of Emotional Distress, (7) Negligent Infliction of Emotional Distress, (8) Injury to Business Reputation and Dilution of Mark (9) Tortious Interference with business Relationship and Prospective Advantage, (10) False Designation Origin, (11) Exceeding Authorized Access in Violation of the Computer Fraud and Abuse Act, (12) Impairing Computer Facilities in Violation of the Computer Fraud and Abuse Act. The Defendants' are all in concert in the willful acts against the Plaintiff at some stage or another directly or indirectly.

2. Plaintiff seeks a Permanent Injunction, damages, cost and fees as authorized by the Lanham Act.

3. The Plaintiff was in possession of the domains at the time when the contact-information was fraudulently changed by Mr. Bondorowsky to reflect Ms. Beverly (a.k.a. JB) as the new owner of the domains. These changes took place between

September and October 2002.  See Exhibit "1."

4.  None of the domains had expired at the time when the contact information was fraudulently changed.  The Plaintiff had not defaulted on any of the domains.

5.  The Plaintiff did not authorize anyone to make any changes to his domains at any time.

6.  On May 14th 2002, Plaintiff purchased {Ozonemagazine.com, ozonemagazine.net, ozonemagazine.org, ozonemag.net, and ozonemag.org.}. See Exhibit "2."

7.  On May 20th 2002, Plaintiff registered fictious name of Ozone Magazine with the state of Florida division of corporation. Shortly there after obtained federal tax ID #33-1004607 Ozone Magazine, Inc. from the IRS. See Exhibit "5." And See Exhibit "8."

8.  On June 6th 2002, Defendant Ms. Beverly registered Ozone Magazine, Inc. with the state of Florida. Ms. Beverly subsequently went to the IRS to change the contact information to reflect her as owner of the federal tax ID number which was issued to the plaintiff. The above statements are to show the Defendant Ms. Beverly's motive and knowledge to take control of the plaintiff's property.

9.  On August 28th 2002, Mr. Payne was sentenced to prison in two state cases; one being CR-99.7826 and the other CR-01.6009, receiving ten years in both cases. Mr. Payne's state cases are important because they show that he could not have made these changes to his domains.  (Both of Mr. Payne's state convictions were overturned by order of the respected Court.) See also, Payne v. State, 890 So. 2d 284 (Fla. 5th DCA 2004).

10. In November 2002, Ms. Beverly wrote an article in Ozone Magazine (a national publication) in which she made libelous statements about Mr. Payne (see Exhibit

#3: "Dumbass of the Month").  Ms. Beverly's defamatory statements are based on her "personal experience".  In this article, the "personal experience" that Ms. Beverly refers to is CASE #48-2001-DR-017081-O, where she brought a complaint against Mr. Payne for repeat violence.  Ms. Beverly's complaint was dismissed by the Court after a brief hearing and, as such, her statements have no merit.  It is also important to note that in this article Ms. Beverly is under the impression that Mr. Payne was going to be deported.  This establishes her motive further for making the changes to the domains' contact information. See Exhibit "1."

11. On July 1st, 2006, Ms. Beverly continue to make (Libel Per Se) comments/ statements about Mr. Payne on a web broad "Orlando-Hiphop.com" see below:

> *http://orlandohiphop.proboards107.com/index.cgi?action=display&board=general&thread=1150942828&page=2*
> *"Exactly. And the truth is that nsx is a rapist (he tried me, I know), a con man, and a career criminal, while I am someone who works hard and makes legit money. That's why I'm not even stressing this bullsh\*t." jB Guest*

12. The above is reckless and slander of Mr. Payne's name on the part of Ms. Beverly. Mr. Rayon Payne aka NSX, aka Junior Payne has NO felony convictions in this State or in any other State, he has NO conviction involving dishonesty, or for that matter involving moral turpitude.

13. Ms. Beverly later sold the 95live.com domain to an Anthony Ramirez aka Anthony "Sly" Ramirez, aka Anthony Murphy for an undisclosed amount of funds.  Ms. Beverly kept all of the remaining domains.

14. Defendant, Ozone Magazine, Inc, through its officer's fraudulently acquired the Plaintiff's property Ozonemagazine.com and has used the Plaintiff's property for Defendant's own corporate use. See Exhibit "1."

15. Defendant, Tucows, Inc., and John Yasaitis d/b/a, PROLUCID TECHNOLOGY and

Nicholas Maloney d/b/a, PROLUCID TECHNOLOGY are directly and/or indirectly aiding in the above outlined willful acts. Prior to filing suit, Plaintiff, have written and spoke with all defendants numerous times concerning the above matter. Defendants have ignored all lawful demands and efforts to resolve this matter short of litigation.

## THE PARTIES

### Plaintiff

16. Plaintiff, Rayon Payne, is a citizen of the State of Florida.

### Defendant(s)

17. Defendant, Julia Ruth Beverly, is an individual residing within this judicial district, and a citizen of the State of Florida.

18. Defendant, Ozone Magazine, Inc. is a company incorporated in the state of Florida, with its offices in Orange County, Florida.

19. Defendant, Joel Bondorowsky, is an individual residing within this judicial district, and a citizen of the State of Florida, and conducts business under the trade name (LiquidPages.com) with a listed address in Ocoee, Fl.

20. Defendant, Anthony Ramirez, aka Anthony "Sly" Ramirez, aka Anthony Murphy is a citizen of the State of California.

21. Defendant, John Yasaitis d/b/a, PROLUCID TECHNOLOGY et al, is an individual doing business in Lexington, MA, and is currently hosting the domain.

22. Defendant, Nicholas Maloney d/b/a, PROLUCID TECHNOLOGY et al, is an individual doing business in West Chatham, MA, and is currently hosting the domain.

23. Defendant, Tucows, Inc. is a corporation organized and existing under the laws of the country of Canada, but conducts its business within the United States, via the internet.

## JURISDICTION AND VENUE

24. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§§ 1331, 1338, 1338(a), and 17 U.S.C. § 1203 as the Plaintiff's cause of action arises under The Federal Trademark Act ("The Lanham Act of 1946"), 15 U.S.C. § 1051 et. Seq. Further, this Court has jurisdiction over the Plaintiff's Florida common law claims.

25. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the Plaintiff's State law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

26. There is complete diversity of citizenship between the Plaintiff and Defendants. Therefore, this Court has matter jurisdiction of this case under the provisions of 28 U.S.C. § 1332(a).

27. Venue is proper within the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b) and 1400 because the Plaintiff reside in the Middle District of Florida, and a substantial part of the events or omissions giving rise to the claims occurred in this judicial, and there is no District in which the action may otherwise be brought.

## COUNT I- TRADEMARK INFRINGEMENT(OZONE MAGAZINE)
### OZONE MAGAZINE, INC, et al,
### JULIA RUTH BEVERLY, et al,

28. Plaintiff, incorporates by reference paragraphs 1 through 21, and brings the following claim for trademark infringement, pursuant to 15 U.S.C. § 1114, against the Defendants

29. Plaintiff owns the exclusive trademark right to those trademarks listed on Exhibit

RAYON PAYNE COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Federal)

"7." All of the trademark registrations are in full force and effect are owned by Plaintiff. In many cases the trademarks have become incontestable pursuant to 15 U.S.C. § 1065.

30. All use of the OZONE MAGAZINE name has been with the provisions of the United States Trademark Law.

31. Notwithstanding Plaintiff's well known and prior common law and statutory rights in the trademarks listed on Exhibit "7," the Defendants has, with actual and constructive notice of the Plaintiff's Federal registration rights and long after the Plaintiff established its rights in the trademarks listed on Exhibit "7," adopted and used the trademarks in conjunction with the use of the name in the State of Florida and interstate commerce.

32. Defendants are infringing on the Plaintiff's class 38, On July 1st, 2006, Plaintiff place the Defendants' on notice and ask that they reframe from infringing on the Plaintiff's mark, the request went unanswered.

33. The Defendants' is knowingly infringing on the Plaintiff's mark and is doing so with out any regards for the law in 15 U.S.C. 1114, by streaming audio, video and other use which is provided under the Plaintiff's mark.

34. The Defendants' committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively with the intent to injure Plaintiff and his business interest.

## COUNT II- TRADEMARK INFRINGEMENT(95LIVE)

35. Plaintiff, incorporates by reference paragraphs 1 through 21, and brings the following claim for trademark infringement, pursuant to 15 U.S.C. § 1114, against the Defendants

RAYON PAYNE COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Federal)

36. Plaintiff owns the exclusive trademark right to those trademarks listed on Exhibit "4." All of the trademark registrations are in full force and effect are owned by Plaintiff. In many cases the trademarks have become incontestable pursuant to 15 U.S.C. § 1065.

37. All use of the 95LIVE name has been with the provisions of the United States Trademark Law.

38. Notwithstanding Plaintiff's well known and prior common law and statutory rights in the trademarks listed on Exhibit "4," the Defendants has, with actual and constructive notice of the Plaintiff's Federal registration rights and long after the Plaintiff established its rights in the trademarks listed on Exhibit "4," adopted and used the trademarks in conjunction with the use of the name in the State of Florida and interstate commerce.

39. Defendants has use the name 95LIVE's trademark noted on Exhibit "4" without the authorization of Plaintiff. Defendants' use the trademark in Florida, and interstate commerce, has and will cause the likelihood of confusion, deception and mistake, in that the public will conclude that use by Defendants are authorized, sponsored, approved or associated with the Plaintiff.

40. The said acts of infringement will cause irreparable injury to Plaintiff, if the Defendants is not restrained by the Court from further violation of Plaintiff's right as owner of 95LIVE has no adequate remedy at law.

41. Plaintiff has suffered damages as a result as a result of the aforesaid acts.

42. Defendants' use of Plaintiff's trademark is an infringement of Plaintiff's registered trademarks "95LIVE" is in violation of 15 U.S.C. § 1114(1).

43. The Defendants committed the acts alleged herein intentionally, fraudulently,

RAYON PAYNE COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Federal)

maliciously, willfully, wantonly and oppressively with the intent to injure Plaintiff and his business interest.

## ROLE OF DEFENDANTS'

(a) Defendant, Anthony Ramirez aka Anthony "Sly" Ramirez, aka Anthony Murphy, has been using a domain which was illegally obtained from the Plaintiff. And is currently infringing on the Plaintiff's trademarks.

(b) Defendant, John Yasaitis and Nicholas Maloney, is aiding in the infringement of the Plaintiff's trademarks by hosting and collude with Defendant Anthony Ramirez aka Anthony "Sly" Ramirez, aka Anthony Murphy to maintain use of 95LIVE.COM.

(c) Defendant, Tucows, Inc. is the registrar in control of Plaintiff's domain; notice was given that 95LIVE.COM was fraudulently obtained from the Plaintiff. And as the registrar of the domain Tucows, Inc., is aiding Anthony Ramirez aka Anthony "Sly" Ramirez, aka Anthony Murphy in infringement on the Plaintiff's trademarks as well as maintaining stolen property. Plaintiff has given written and verbal notice to Sandy Cooper at Tucows Inc., of such infringement as well as the issue of fraud, but Plaintiff's notice was ignored.

## COUNT III- LANHAM ACT-UNFAIR COMPETITION
### AS TO ALL DEFENDANTS'

44. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 21 and 26 through 34.

45. As a direct result of Plaintiff's longstanding use, advertising, marketing, media broadcasting, 95LIVE's trademark have acquired a secondary and distinctive meaning among the public who have come to identify 95LIVE's trademark listed on Exhibit "4," with 95LIVE and its products.

RAYON PAYNE COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Federal)

46. The Defendants exactly duplicates and appropriates 95LIVE trademarks in order to delude and confuse the public into believing that the use had been authorized and/or sponsored by Plaintiff.

47. The use by Defendants bearing the 95LIVE trademarks will damage the good will and reputation of 95LIVE.

48. The Defendants' by misappropriating and using the likenesses of the Plaintiff's trademarks in connection with the internet, are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of their products. The Defendants' has caused such use into the interstate commerce willfully, with fully knowledge of the falsity of the designation of their origin and description and representation in an effort to mislead the public into believing that their products are authorized or emanate from Plaintiff.

49. These acts constitute a violation of Section 43 of The Lanham Act, 15 U.S.C § 1125.

50. The Defendants has procured gains, profited and advantages as a result of their unlawful acts.

51. Plaintiff has suffered monetary damages as a result of the Defendants acts.

**COUNT VI- CONVERSION**
**AS TO DEFENDANT(S)**
**TUCOWS, INC, et al,**
**JULIA RUTH BEVERLY, et al,**
**JOEL BONDOROWSKY, et al**

52. The Defendant herein converted property without the consent of the Plaintiff. At all times the domain 95LIVE.COM was in the control of the Plaintiff. Defendants accessed the email account of the Plaintiff and changed the contact information to

RAYON PAYNE COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Federal)

70. Fraud and related activity in connection with computers constitutes racketeering activity as that term is defined in 18 USC §1030.

71. Also Plaintiff have been injured in his business in the taking of his property constitutes racketeering activity as defined in 18 U.S.C. § 1964(c).

72. Defendants' all agreed to join the conspiracy, agreed to commit predicate acts, and knew that those acts were part of a pattern of racketeering activity.

73. Defendants' multiple fraudulent misrepresentations as detailed above constitute a pattern of racketeering activity with the meaning of 18 U.S.C. § 1961(5).

74. Defendants' and agents, associates, and representatives, have conducted, and have conspired to conduct, the ongoing scheme through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c), (d).

75. As a direct and proximate result of these violation of 18 U.S.C. § 1962(c), (d), Plaintiff has suffered actual damages as a result of injury to his business and property of at least $1,000,000.00.

76. Defendants' are liable to Plaintiff for treble damages, together with all costs of this action plus reasonable attorney's fees, all as provided under 18 U.S.C. § 1964(c).

## ROLE OF DEFENDANTS'

(d) Defendant, Joel Bondorowsky accessed the plaintiff email account and changed the contact information of Plaintiff's property, and sold the Plaintiff's property to Ms. Beverly.

(e) Defendant, Julia Ruth Beverly, knowingly purchased stolen property, which she knew belong to Plaintiff. Ms. Beverly subsequently sold that property to an Anthony Ramirez is in possession of the property which was fraudulently obtain from the Plaintiff. Mr. Ramirez was fully made aware by the Plaintiff of the above act, but

RAYON PAYNE COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Federal)

has been unwilling to return the property to Plaintiff.

(f) Defendant, John Yasaitis and Nicholas Maloney d/b/a, PROLUCID TECHNOLOGY was also given notice prior to the hosting of Plaintiff's domain (95live.com).

(g) Defendant, Tucows, Inc. has been notified numerous times of the theft of Plaintiff's property which was carried out by Mr. Bondorowsky who at the time was a reseller of Tucows that alone holds Tucows personally liable. All requests by Plaintiff have been ignored.

(h) Defendant Ozone Magazine, Inc, through its officer's fraudulently acquired the Plaintiff's property Ozonemagazine.com and has use the Plaintiff's property for Defendant own corporate use.

### COUNT VIII- INJURY TO BUSINESS REPUTION AND DILUTION OF MARK
#### AS TO DEFENDANTS'
#### JULIA RUTH BEVERLY, et al,
#### JOEL BONDOROWSKY, et al,
#### ANTHONY RAMIREZ, et al,
#### JOHN YASAITIS d/b/a,
#### PROLUCID TECHNOLOGY et al,
#### TUCOWS, INC, et al,

77. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 21, 26 through 34, 43 through 54, and 55 through 67.

78. 95Live was the largest name internet and underground radio in the World. It is in the business of streaming media to World Wide Web.

79. Defendants' stole the Plaintiff's property which was well known, 95live.com.

80. Defendant's use of the name and the site is misleading to give the impression that the brand which the Plaintiff built was given by the Plaintiff and in doing so reduced the quality of the Plaintiff's brand. Exhibit "6."

81. Defendant altered 95live logo and in doing so harmed 95live's goodwill and

RAYON PAYNE COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Federal)

business reputation because the content which is provided on that site is not of the Plaintiff's.

82. In addition, 95live listeners have be diverted to other sites. Thereby causing additional harm to Plaintiff business reputation and goodwill as result of Defendants' misconduct.

83. Defendants' continued use of altered logo and use of the Plaintiff's trademark name is likely to injure the Plaintiff's mark and future business reputation and dilute the distinctive quality of the marks, trade names, or libels in violation of § 495.151, Fla. Stat.

84. Plaintiff requests a preliminary and permanent injunctive relief against the Defendants' pursuant to § 495.151, Fla. Stat.

## COUNT IX-TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP AND PROSPECTIVE ADVANTAGE
### AS TO DEFENDANTS'
### JULIA RUTH BEVERLY, et al,
### OZONE MAGAZINE, INC, et al,
### JOEL BONDOROWSKY, et al,
### ANTHONY RAMIREZ, et al,
### JOHN YASAITIS d/b/a,
### PROLUCID TECHNOLOGY et al,
### TUCOWS, INC, et al,

85. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 21, 26 through 34, 43 through 54, and 55 through 75.

86. A business relationship and an expectancy of business relationships exist between 95live.com and prospective advertiser.

87. There exists a high probability of future economic benefit to Plaintiff as a result of these present and prospective relationships.

88. Defendants' have knowledge of and have intentionally and unjustifiably interfered

with the relationship and with prospective relationships between 95live and its advertiser. Specifically, but without limitation, Defendants knew that 95live.com built its business by the use of streaming to its listener's over the internet. Defendants' are intentionally interfering with these relationships through improper means and violation of the law.

89. But had not for the conduct of Defendants', Plaintiff was reasonably certain to have continued its business relationship and prospective relations with its advertiser.

90. Plaintiff has been damaged and continues to be damaged as a result of Defendants' interference.

### COUNT X-TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP AND PROSPECTIVE ADVANTAGE
### AS TO DEFENDANTS'
### JULIA RUTH BEVERLY, et al,
### OZONE MAGAZINE, INC, et al,

91. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 21, 26 through 34, 43 through 54, and 55 through 81.

92. A business relationship and an expectancy of business relationships exist between Ozonemagazine.com and prospective advertiser and future development to be an online publication.

93. There exists a high probability of future economic benefit to Plaintiff as a result of these present and prospective relationships.

94. Defendants' have knowledge of and have intentionally and unjustifiably interfered with the relationship and with prospective relationships between Ozonemagazine.com and its advertiser. Specifically, but without limitation, Defendants knew that Ozonemagazine.com intended to build its business by the use of internet as a mean to be an online publication, which is why they

RAYON PAYNE COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Federal)

intentionally took control of the Plaintiff's property for their own use. Defendants' are intentionally interfering with these relationships through improper means and violation of the law.

95. But had not for the conduct of Defendants', Plaintiff was reasonably certain to have continued its business relationship and prospective relations with its advertiser and future developments.

96. Plaintiff has been damaged and continues to be damaged as a result of Defendants' interference.

### COUNT XI-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
<u>JULIA RUTH BEVERLY, et al,</u>
<u>OZONE MAGAZINE, INC, et al,</u>
<u>JOEL BONDOROWSKY, et al,</u>
<u>ANTHONY RAMIREZ, et al,</u>

97. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 21, 26 through 34, 43 through 54, and 55 through 87.

98. This count arises out of fraudulently obtaining, the movement of the Plaintiff's property, and the willful intent of the Defendants' to inflict emotional distress.

99. (1) The Defendant intended to inflict emotional distress or should have known that emotional distress was the likely result of their conduct; when they took the Plaintiff's property (2) the conduct was extreme and outrageous; Defendant fraudulently took Plaintiff's property, sold such property, and has been unwilling to return the property. (3) The Defendant's conduct was the cause of the Plaintiff's distress; and (4) plaintiff's emotional distress was severe due to the taking of his property.

100. There is liability for intentional infliction of emotional distress and for conduct that exceeds the bounds tolerated by decent society.

RAYON PAYNE COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Federal)

### COUNT XII-NEGLIGENTLY INFLICTION OF EMOTIONAL DISTRESS
AS TO ALL DEFENDANTS'

101. Plaintiff incorporates and re-alleges the allegations of paragraphs 1 through 85 above.

102. This count arises out of the taking of the Plaintiff's property and the willful intent of the Defendants'.

103. (1) The Defendant intended to inflict emotional distress or should have known that emotional distress was the likely result of his conduct; when they took the Plaintiff's property (2) the conduct was extreme and outrageous; Defendant fraudulently took Plaintiff's property, sold such property, and has been unwilling to return the property. (3) The Defendant's conduct was the cause of the Plaintiff's distress and (4) plaintiff's emotional distress was severe due to the taking of his property.

104. There is liability for intentional infliction of emotional distress and for conduct that exceeds the bounds tolerated by decent society.

### COUNT XIII-LIBEL (*PER SE*)
OZONE MAGAZINE, INC, et al,
JULIA RUTH BEVERLY, et al,

105. Defendants' Ozone Magazine, Inc., during the time mentioned below, did and still publishes a certain magazine know as Ozone Magazine, which magazine is widely circulated and read in the State of Florida and all other states on the United State.

106. Defendant Julia Ruth Beverly is a columnist/ publisher whose writings appear in the Ozone Magazine.

107. On or around November 2002, Ms. Beverly wrote an article in Ozone Magazine

RAYON PAYNE COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Federal)

(a national publication) in which she made libelous statements about Mr. Payne (see Exhibit #3: "Dumbass of the Month"). Ms. Beverly refers to Mr. Payne as "fucked in the head" and as someone who "will take advantage of anyone who's incapable of defending themselves" and "has contributed nothing positive to this community". Ms. Beverly's defamatory statements are without merit and baseless. (see Exhibit #3)

108. Defendant continues to slander the Plaintiff who is also known by the name NSX. Ms. Beverly posted Libelous statement about Mr. Payne on "Orlando-Hiphop.com" see below;

> http://orlandohiphop.proboards107.com/index.cgi?action=display&board=general&thread=1150942828&page=2
> "Exactly. And the truth is that nsx is a rapist (he tried me, I know), a con man, and a career criminal, while I am someone who works hard and makes legit money. That's why I'm not even stressing this bullsh*t." jB Guest

109. The article was libel per se as well as Ms. Beverly posting of untrue comments on the internet about Mr. Payne. The statement in the article as well the posting are completely false.

110. The Defendants acted with knowledge of the falsity of the statements made in the article or with reckless disregard of their truth or falsity.

111. In doing these acts, the Defendants, and each of them intended to injure Plaintiff and deprive Plaintiff of the respect, confidence, and esteem peculiarly essential to Plaintiff's profession, and contriving and intending to deprive Plaintiff of his good name, reputation, and the esteem of clients and to bring the Plaintiff into scandal, ridicule, and professional disrepute before clients, professional associates, friends, neighbors and acquaintances, and the public in general, and to hold Plaintiff up to public scorn, contempt, ridicule, and disgrace.

RAYON PAYNE COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Federal)

112. As a result of the malicious publication and dissemination of the information contained in the above article and post by the Defendants', the Plaintiff has been deprived in the State of Florida of the public confidence that he has a a private citizen, and as a business owner. Plaintiff has suffered a tremendous amount of embarrassment, humiliation, and mental agony, and the Plaintiff has been held in contempt, calumny, distrust and ridicule.

113. The conduct of the Defendants and each of them was "despicable" within the meaning of the laws of the State of Florida and the United States. The acts were malicious within the meaning of those laws, thus entitling the Plaintiff to punitive damages from the Defendants'.

## COUNT XIV- FALSE DESIGNATION OF ORIGIN

114. Defendants have engaged in acts of unfair competition by falsely and without authorization using 95live's domain name "95live.com" in the electronic headers of their unsolicited e-mail messages, and imitating the distinctive trade dress, and look and feel, of 95LIVE's homepage at their Web sites, in connection with Defendants' sale, offering for sale, and distribution in interstate commerce of Defendants' pornographic services. Defendants' conduct amounts to a false representation that 95LIVE is the point of origin of Defendants' unsolicited, unwanted e-mail messages and pornographic services, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

115. Defendants' misappropriation of 95LIVE's domain name, trade dress and is likely to cause confusion and to deceive 95LIVE members and others into the erroneous belief that 95LIVE is connected to, affiliated with, approves of, or condones Defendants' indiscriminate, unsolicited e-mail practices and

- 20 -

RAYON PAYNE COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Federal)

pornographic services, causing serious and irreparable damage to 95LIVE in the form of lost goodwill and business reputation.

116. Defendants threaten to continue to engage in the unlawful actions alleged 95LIVE's remedy at law is, therefore, inadequate to compensate for the injuries threatened.

## COUNT XV- EXCEEDING AUTHORIZED ACCESS IN VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

117. In connection with its provision of online and Internet computer services to its members, who are citizens of the State of Florida and other states, Plaintiff had maintains computers and a computer system that are "protected computers" as

118. By exceeding authorized access to Plaintiff's protected computers, Defendants have caused Plaintiff loss or damage aggregating at least $5,000 during a one-year period preceding the filing of this complaint.

119. Defendants threaten to continue to engage in the unlawful actions alleged herein, and unless restrained and enjoined will continue to do so, causing irreparable harm to Plaintiff. It is difficult to ascertain the amount of compensation that could afford Plaintiff adequate relief for Defendants' continuing unlawful acts. Plaintiff's remedy at law is, therefore, inadequate to compensate for the injuries threatened.

## COUNT XVI-IMPAIRING COMPUTER FACILITIES IN VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

120. . In connection with the provision of online and Internet services to its members, Plaintiff maintains one or more "protected computers" as the term is defined in the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(e)(2)(B), through which e-mail transmissions are received, stored, and disseminated in interstate and/or

RAYON PAYNE COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Federal)

foreign commerce or communication ("Plaintiff's protected email account").

121. In the year preceding the date of the filing of this Complaint, Defendants repeatedly transmitted to Plaintiff's protected email account batches of unsolicited commercial e-mail messages without valid authorization. On each occasion on which Defendants transmitted these batches of unsolicited commercial e-mail messages, Defendants knew that the transmission of these e-mail messages would impair the operation of Plaintiff's protected e-mail services.

122. In transmitting these batches of tens of thousands of unsolicited commercial e-mail messages, Defendants knowingly falsified portions of the Internet "header" information, and engaged in other deceptive practices, for the purpose of attempting to conceal from AOL and its members the actual domain and IP address which served as the point of origin of the transmission.

123. Defendants knowingly and intentionally caused the transmission of information to, and accessed, Plaintiff's protected email account without authorization, and as a result of such conduct, caused damage, or recklessly caused damage in violation of 18 U.S.C. § 1030 (a)(5).

124. The damages suffered by Plaintiff as a result of Defendants' conduct include the impairment of the integrity and/or availability of data, programs, systems, and/or information in Plaintiff's protected email account, and aggregate to at least $5,000 in value in the year preceding the date of filing of this Complaint.

125. Defendants threaten to continue to engage in the unlawful transmissions complained of herein, and unless restrained and enjoined will continue to do so, impairing the services provided to Plaintiff members and causing Plaintiff irreparable damage. It is difficult to ascertain the amount of compensation that

could afford Plaintiff adequate relief for Defendants' continuing unlawful acts.

Plaintiff's remedy at law is inadequate to compensate for the injuries threatened.

## JURY DEMAND

126. Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully request that this Court enter final judgment in favor of the Plaintiff and against Defendants' for the Damages he sustained, treble the amount of actual in accordance with applicable law, an accounting of all profits received by each Defendant in connection with its conduct, injunctive relief, and for its attorneys' fees and costs, and order any further relief as this Court deems just and proper.

**Respectfully submitted,**

**DATED: July, 21st, 2006,**

Rayon Payne, Pro Se

# Exhibit "1"

Subj:     **Let me set somthing straight about 95live.com and "NSX"**
Date:     10/14/2005 1:32:52 A.M. Eastern Daylight Time
From:     joel@bondorowsky.com
To:       info@95live.com, jb@ozonemag.com, chaosnmaestro@aol.com

Hello,


Junior Payne, or NSX as he likes to be called, is a violent criminal that nobody really needs to worry about. He tries to be some sort of con artist but manages to fail and end up in jail several times. Intact, he let the 95live.com go for so long because he was in jail for credit card fraud as well as violent rape. I learned a lot about him from friends of mine who dealt with him in the Orlando Police Department. His legal problems are still not over.

I found Junior to be an intelligent guy who was pretty out of touch with reality. He is not going to cause anyone any harm over his domain, and he will not successfully sew anyone for it. The only person that he could maybe go after for it is me, but I really don't think he has the resources for that.

I subletted a room for him in my office for a few months. Every check he wrote me bounced and he owed me quite a bit. Fortunately for me, I held his equipment which ended up being worth much more than the money he owed. He ended up going to jail and I took control of his domains to help pay back the debts he owed me. Besides, the domain would have expired anyway if I had not sold it to JB so he would have lost it even if I hadn't gone into his email account and taken control of it.

I suggest that you simply disregard any threats or anything you hear from him as being nonsense. Just ignore him. If he could have sued anyone, it would have been me. You bought the domain legally, you have nothing to worry about.


Joel


—
Esta mensagem foi verificada pelo sistema de anti-virus e acredita-se estar livre de perigo.


EXHIBIT #1

# Exhibit "2"

# GoDaddy.com
PRINT

Receipt#: 2734481

DATE: 5/14/2002 4:06:00 PM

Customer #: 877885

**Billing Information**

Rayon Payne

95LIVE, INC

1712 GOLDEN POPPY CT

Orlando, FL 32824

US

Daytime Phone: (407) 999-9595
Evening Phone: (407) 999-9595
(407) 999-9595

Email: nsx2@mail.com

**Name:** Rayon Payne

**Paid:** Visa - Exp. 3/2004

**CC Number:** ###########3782

| Label | Name | Attributes | Unit Price | Today's Price | Qty | Extra Disc. | Total Price |
|-------|------|------------|-----------|---------------|-----|-------------|-------------|
| 101-1 | Domain Name Registration For 1 Year<br>Domain: OZONEMAG.NET | | $8.95 | $8.95 | 1 | $.00 | $8.95 |
| 101-1 | Domain Name Registration For 1 Year<br>Domain: OZONEMAG.ORG | | $8.95 | $8.95 | 1 | $.00 | $8.95 |
| 101-1 | Domain Name Registration For 1 Year<br>Domain: OZONEMAGAZINE.COM | | $8.95 | $8.95 | 1 | $.00 | $8.95 |
| 101-1 | Domain Name Registration For 1 Year<br>Domain: OZONEMAGAZINE.NET | | $8.95 | $8.95 | 1 | $.00 | $8.95 |
| 101-1 | Domain Name Registration For 1 Year<br>Domain: OZONEMAGAZINE.ORG | | $8.95 | $8.95 | 1 | $.00 | $8.95 |

| | |
|---|---|
| Subtotal: | $44.75 |
| Shipping & Handling: | $.00 |
| Tax: | $.00 |
| Total (US Dollars): | $44.75 |

# Exhibit "3"

**Got feedback? Send email to JB@OZONEMAG.com  or mail: 1516 E. Colonial Dr. Suite 205, Orlando, FL 32803**



# DUMBASS OF THE MONTH

"Karma" is defined as "the total effect of a person's actions and conduct during the successive phases of the person's existence, regarded as determining the person's destiny."

When I first heard that NSX had finally been sentenced to 10 years in prison for rape, amidst my tears of joy and wild laughter (I'm only half joking), I envisioned the article. I had big plans for it. I'd research everything; I'd gather facts; I'd do interviews. Hell, I'd even throw in some fun facts I'd been saving. But, then I started to wonder – why waste my time? A few weeks later I saw a column in the Orlando Weekly titled "NSX Gets 10 Years for Rape," where William Dean Hinton writes:

*Rayon "Junior" Payne, the brash, loudmouthed pirate-radio DJ better known as NSX, was convicted Aug. 27 of raping a 23-year-old tourist in the VIP bathroom of The Club last year. Payne, who did not testify in his defense, was sentenced to 10 years in prison. Because of Florida's mandatory sentencing laws, he will not be eligible for parole until the year 2010. The 27-year-old Payne, working the DJ booth at The Club in May 2001, offered shots to the first group of women to visit the booth. After distributing shots, Payne began dancing with the Swedish woman. The two disappeared until the woman's friends found Payne, who told them she was throwing up in the bathroom. Apparently a club drug was slipped into the woman's drink. She testified she could remember nothing except coming to with her face down in a sink. When she realized somebody was having sex with her, she remembered turning around to see Payne's face.*

So, there you have the facts, in print. That's my excuse for being lazy and not doing any official research – the Weekly already did it for me. Plus, my coverage of the case wouldn't exactly have been objective. I don't need to hear any more facts to tell you what I knew years ago from personal experience – Junior Payne is fucked in the head, and will take advantage of anyone who's incapable of defending themselves. He contributed nothing positive to this community and won't be missed. The Swedish woman should be showered with gifts for testifying, because she prevented a lot of other women from going through the same shit.

We all know that the system isn't perfect, but at least in this case, justice was served. Karma is a bitch, ain't it? Ten years is plenty of time for NSX to be served with a little bit of his own medicine. - *JB*

P.S. - I haven't been able to verify this as of press time, but if the rumors are correct, as he's released he's getting deported to Guyana.

P.P.S. – NSX, I'm still waiting on that lawsuit from my last article, you little fuck.

# Exhibit "4"



**United States Patent and Trademark Office**

Home| Site Index| Search| FAQ| Glossary| Guides| Contacts| eBusiness| eBiz alerts| News| Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Sat Jun 10 04:25:18 EDT 2006*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

**Please logout** when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | ( Use the "Back" button of the Internet Browser to return to TESS)



| | |
|---|---|
| **Word Mark** | **95LIVE** |
| **Goods and Services** | IC 014. US 002 027 028 050. G & S: Beads for use in the manufacture of jewelry; Belt buckles of precious metal; Bracelets; Costume jewelry; Identification bracelets; Jewelry; Jewelry boxes of precious metal; Jewelry cases of precious metal; Jewelry caskets of precious metal; Jewelry chains; Jewelry findings; Jewelry for the head; Jewelry pins for use on hats; Jewelry watches; Jewelry, namely, amulets; Jewelry, namely, crosses; Lapel pins; Pins being jewelry; Rings being jewelry

IC 025. US 022 039. G & S: Belts; Bibs not of cloth or paper; Caps; Children's and infants' cloth bibs; Children's cloth eating bibs; Cloth bibs; Cloth bibs for adult diners; Cloth bibs for use by senior citizens or physically- or mentally-challenged persons; Cloth diapers; Clothing for wear in judo practices; Clothing for wear in wrestling games; Clothing, namely, folk costumes; Clothing, namely, wrap-arounds; Corsets; Dusters; Foulards; Hoods; Infant and toddler one piece clothing; Infant cloth diapers; Jerseys; Leather belts; Mantles; Mufflers; Parts of clothing, namely, gussets for tights, gussets for stockings, gussets for bathing suits, gussets for underwear, gussets for leotards and gussets for footlets; Perspiration absorbent underwear clothing; Shifts; Short sets; Shoulder pads for clothing; Shoulder wraps; Swaddling clothes; Ties; Tops; Underarm clothing shields; Wraps

IC 038. US 100 101 104. G & S: Broadcasting services and provision of telecommunication access to films and tv programmes provided via a video-on-demand service; Communications via multinational telecommunication networks; Data transmission and reception services via telecommunication means; Electronic exchange of data stored in databases accessible via telecommunication networks; High bit-rate data transmission services for telecommunication network operators; Internet cafe services, namely, providing telecommunications connections to the internet in a cafe environment; Providing access to telecommunication networks; Providing electronic telecommunication connections; Providing telecommunications connections to a global computer network; Providing third party users with access to telecommunication infrastructure; Rental of equipment for telecommunications; Rental of telecommunication equipment; Rental of telecommunication equipment including telephones and facsimile apparatus; Rental of telecommunications lines; Signal transmission for electronic commerce via telecommunication systems and data communication systems; Telecommunication access services; |

Telecommunication services in the field of providing long distance service with audio advertising for others as a component of the long distance service; Telecommunication services, namely, call hunting; Telecommunication services, namely, local and long distance transmission of voice, data, graphics by means of telephone, telegraphic, cable, and satellite transmissions; Telecommunications by e-mail; Telecommunications consultation; Telecommunications gateway services; Telecommunications reseller services, namely, providing long distance telecommunication services; Telecommunications routing and junction services; Telecommunications services, namely intercepting and preventing unsolicited calls from telemarketers; Telecommunications services, namely providing fiber optic network services; Telecommunications services, namely, ISDN services; Telecommunications services, namely, personal communication services; Telecommunications services, namely, routing calls to local third-party taxi-cab dispatchers in the vicinity of the caller. Telephone telecommunications services provided via prepaid telephone calling cards; Transfer of data by telecommunication; Transfer of data by telecommunications; Transmission and reception of database information via the telecommunication network; Transmission of database information via telecommunications networks; Transmission of information on optical telecommunication networks; Transmission of stock market information with the help of telecommunication media

| | |
|---|---|
| Mark Drawing Code | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| Design Search Code | 26.01.21 - Circles that are totally or partially shaded. <br> 26.03.02 - Ovals, plain single line; Plain single line ovals <br> 26.03.17 - Concentric ovals; Concentric ovals and ovals within ovals; Ovals within ovals; Ovals, concentric <br> 26.17.01 - Bands, straight; Bars, straight; Lines, straight; Straight line(s), band(s) or bar(s) <br> 26.17.05 - Bands, horizontal; Bars, horizontal; Horizontal line(s), band(s) or bar(s); Lines, horizontal |
| Serial Number | 78733974 |
| Filing Date | October 15, 2005 |
| Current Filing Basis | 1B |
| Original Filing Basis | 1B |
| Published for Opposition | July 4, 2006 |
| Owner | (APPLICANT) 95Live CORPORATION FLORIDA 8341 Fort Clinch Ave Orlando FLORIDA 32822 |
| Description of Mark | The color(s) black, orange & white is/are claimed as a feature of the mark. The color black appears in the rings design, the outline of the word LIVE, and the antenna design; the color orange appears in the number 95, the interior of the word LIVE, the outline of the rings, and the circle at the end of the antenna; and the color white appears between the rings and the outline of the number 95. |
| Type of Mark | TRADEMARK. SERVICE MARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

TESS HOME    NEW USER    STRUCTURED    FREE FORM    BROWSE DICT    SEARCH OG    TOP    HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# Exhibit "5"

## FTD ADDRESS CHANGE

*An address change here changes your
address on the FTD coupons only.*

New
Address _____

_____

City _____

State _____ Zip _____

Telephone Number ( )_____

Employer Identification Number (EIN)                OMB No. 1545-0257

33-1004607  140612  3  2

OZONE MAGAZINE INC
1712 GOLDEN POPPY CT                              28
ORLANDO FL  32824-6442

INTERNAL REVENUE SERVICE CENTER
PHILADELPHIA, PA  19255

Send FTD Address Change and correspondence to the IRS address above.

# Exhibit "6"

## FAKE 95LIVE MARK



# Exhibit 7



**United States Patent and Trademark Office**

Home| Site Index| Search| FAQ | Glossary| Guides| Contacts | eBusiness | eBiz alerts | News| Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Sat Jun 24 04:19:00 EDT 2006*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | | CURR LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Please logout when you are done to release system resources allocated for you.

List At:          OR          to record:          **Record 2 out of 3**

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet*
*Browser to return to TESS)*



**Word Mark**  OZONE MAGAZINE

**Goods and Services**  IC 038. US 100 101 104. G & S: Streaming of audio, and video matetrial online, Broadcasting services and provision of telecommunication access to; Communications via multinational telecommunication networks; Data transmission and reception services via telecommunication means; Electronic exchange of data stored in databases accessible via telecommunication networks; High bit-rate data transmission services for telecommunication network operators; Internet cafe services, namely, providing telecommunications connections to the internet in a cafe environment; Providing access to telecommunication networks; Providing electronic telecommunication connections; Providing telecommunications connections to a global computer network; Providing third party users with access to telecommunication infrastructure; Rental of equipment for telecommunications; Rental of telecommunication equipment; Rental of telecommunication equipment including telephones and facsimile apparatus; Rental of telecommunications lines; Signal transmission for electronic commerce via telecommunication systems and data communication systems; Telecommunication access services; Telecommunication services in the field of providing long distance service with audio advertising for others as a component of the long distance service; Telecommunication services, namely, call hunting; Telecommunication services, namely, local and long distance transmission of voice, data, graphics by means of telephone, telegraphic, cable, and satellite transmissions; Telecommunications by e-mail; Telecommunications consultation; Telecommunications gateway services; Telecommunications reseller services, namely, providing long distance telecommunication services; Telecommunications routing and junction services ; Telecommunications services, namely intercepting and preventing unsolicited calls from telemarketers; Telecommunications services, namely providing fiber optic network services; Telecommunications services, namely, ISDN services; Telecommunications services, namely, personal communication services; Telecommunications services, namely, routing calls to local third-party taxi-cab dispatchers in the vicinity of the caller. Telephone telecommunications services provided via prepaid telephone calling cards; Transfer of data by telecommunication; Transfer of data by telecommunications; Transmission and reception (transmission) of database information via the

telecommunication network; Transmission of database information via telecommunications networks; Transmission of information on optical telecommunication networks; Transmission of stock market information with the help of telecommunication media

| | |
|---|---|
| Mark Drawing Code | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| Design Search Code | 26.17.13 - Letters or words underlined and/or overlined by one or more strokes or lines; Overlined words or letters; Underlined words or letters |
| Serial Number | 78881987 |
| Filing Date | May 11, 2006 |
| Current Filing Basis | 1B |
| Original Filing Basis | 1B |
| Owner | (APPLICANT) Urbayne, LLC CORPORATION FLORIDA 8815 Conroy Windermere Rd #208 Orlando FLORIDA 32835 |
| Description of Mark | The applicant claims color as a feature of the mark, namely, orange and black. The mark consists of Orange "O", black "ZONE", orange and black "magazine" with an orange line separating "ZONE" and "magazine", the orange line touches the orange "O". |
| Type of Mark | SERVICE MARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | | CURR LIST

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# Exhibit 8



**OZONE MAGAZINE**
1712 GOLDEN POPPY CT.
ORLANDO, FL 32824

| **Document Number** | **Status** | **Date Filed** |
|---|---|---|
| G02140900323 | ACTIVE | 05/20/2002 |

| **Expiration Date** | **Current Owners** | **County** |
|---|---|---|
| 12/31/2007 | 000000001 | ORANGE |

| **Total Pages** | **Events Filed** | **FEI Number** |
|---|---|---|
| 000000001 | 000000000 | NONE |

## No Filing History

## Owner Information

| Name & Address | FEI Number | Charter Number |
|---|---|---|
| 95LIVE, INC<br>1712 GOLDEN POPPY<br>ORLANDO, FL 32824 | N/A | P01000115921 |

## Document Images
Listed below are the images available for this filing.

| G02140900323 -- 05/20/2002 -- Fictitious Name Filing |
|---|

**THIS IS NOT OFFICIAL RECORD; SEE DOCUMENTS IF QUESTION OR CONFLICT**